[Civ. No. 6458. Second Appellate District, Division One.—April 9, 1931.]

WESTERN PACIFIC PAPER COMPANY, INC. (a Corporation), Respondent, v. HOLLYWOOD TOPICS, INC. (a Corporation) et al., Defendants; FLORENCE L. BARNES, Appellant.

Ingle Carpenter and Harold A. Fendler for Appellant.

W. De F. Mann for Respondent.

YORK, J.—Plaintiff brought action against defendant corporation and its stockholders to recover the sum of $962.57 for merchandise furnished by it to said corporation between the dates of January 27 and March 22, 1927. The cause was tried and submitted upon a stipulated statement of facts showing, among other things, the following:

That appellant Barnes was one of the original incorporators of the company, and on December 18, 1926, subscribed for 2,498 shares of the total of 2,500 shares of capital stock, and on January 6, 1927, paid therefor to said corporation the sum of $2,498. Subsequent to January 6, 1927, and before February 1, 1927, three certificates were prepared—one to I. W. Irving, one to F. A. Dignowity, for one share each, and one to Florence L. Barnes for 2,498 shares, but were not

fully executed and were not issued or delivered. Prior to the incorporation of defendant company, the three parties named entered into an agreement whereby it was agreed that "whenever the capital stock is issued to Second Party (Florence L. Barnes) under a permit from the Cor-. poration Commissioner, Second Party agrees to forthwith transfer to each of the First Parties (Irving and Dignowity) or their order, stock in the amount of Nine Hundred Thirty-six and one-half (936½) shares, retaining for herself the amount of Six Hundred and Twenty-five (625) shares".

Between the dates of January 6 and February 1, 1927, certificates were prepared in accordance with the agreement, but owing to the fact that appellant, who was the secretary of defendant corporation, was absent from the state and was in a foreign country between the dates January 6 and May 15, 1927, said certificates were not completed by delivery, nor were they signed by appellant, as required by the by-laws of the corporation.

The court found that appellant Barnes was the owner of 2,498 shares of stock by virtue of her subscription, and rendered judgment against her for the sum of $961.81, and against the other two incorporators and owners of a single share each, for the sum of 38 cents each. From this judgment appeal is taken on the ground that the findings of fact are contrary to the evidence.

In support of this contention appellant maintains that the evidence conclusively shows that she was the owner of only 625 shares, and that her liability should be assessed upon that basis.

The appellant, as one of the incorporators of the company, subscribed and paid for 2,498 shares of its capital stock, and as secretary, she had it wholly within her power to complete the transaction contemplated under her agreement with the other officers, by signing the various certificates which were prepared, and by making the appropriate entries upon the books of the corporation before her departure for Europe. Having failed to do that which she could have done, she cannot now shift her responsibility to others by a denial of her ownership of the 2,498 shares originally subscribed for by her.

Where a contract had been made with a corporation for purchase of shares of its stock, subject to conditions re-

quired by the state corporation commissioner, and the conditions had been complied with, but the shares had not been issued at the time when the corporation incurred the indebtedness to the plaintiff, the subscriber was held to be the owner of subscribed capital stock. "Every condition of the permit had been complied with. The stock had been fully paid for; only the formal issuance of the certificate remained to be done, but this was not required to bind him." (*Stewart* v. *Engelberg*, 207 Cal. 595 [279 Pac. 661, 663].)

The judgment is affirmed.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 8, 1931.