[Civ. No. 8206. Second Appellate District, Division Two.—February 20, 1934.]

JOHN LANGER, as Receiver, etc., Respondent, v. HARRY L. WOOD et al., Defendants; CHARLES B. HAMILTON et al., Appellants.

Hoye & Boehler and Walter W. Hoye for Appellants.

Guy T. Graves and Treadwell, Laughlin & Treadwell for Respondent.

STEPHENS, P. J.—This action is based on section 3 of article XII of the Constitution and section 322 of the Civil Code (as of April, 1929) for the recovery of stockholders' liability. Judgment went for plaintiff.

The one point raised on appeal may be simply stated and its solution needs no detail as to facts. That point is:

Are those who subscribed for stock prior to but in contemplation of incorporation, and who are named in the articles of incorporation as such subscribers, stockholders of the corporation under the stockholders' liability law between the date of incorporation and the date of issuance of the corporation commissioner's permit to issue the stock subscribed?

The trial court answered this question in the affirmative, and we think correctly. The point is not new and has been passed on more or less directly in the following California cases: *Mitchell* v. *Beckman,* 64 Cal. 117 [28 Pac. 110], *United States Nat. Bank* v. *Stiller,* 216 Cal. 324 [14 Pac. (2d) 78], *Coast Amusements, Inc.,* v. *Stineman,* 115 Cal. App. 746 [2 Pac. (2d) 447], *Western Pac. Paper Co., Inc.,* v. *Hollywood Topics,* 113 Cal. App. 305 [298 Pac. 35], and *Stewart* v. *Ingleberg,* 207 Cal. 595 [279 Pac. 661].

Judgment affirmed.

Craig, J., and Archbald, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1934, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 20, 1934.